Sandra BASILE, on behalf of herself
and all others similarly situated,
Appellants

v.

H & R BLOCK, INC., and H & R
Block Eastern Tax Services,
Inc., Appellees.

Superior Court of Pennsylvania.

Argued Sept. 7, 2005.

Filed June 4, 2007.

Steven E. Angstreich, Philadelphia, for appellants.

William H. Lamb, West Chester, for appellees.

BEFORE: DEL SOLE, P.J.*, FORD ELLIOTT, STEVENS, MUSMANNO, ORIE MELVIN, LALLY–GREEN, TODD, McCAFFERY and PANELLA, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 This matter comes before us upon remand from the Pennsylvania Supreme Court with a directive to address specific rules of court and caselaw. Upon review, we reverse the Order of the trial court decertifying the class and remand for further proceedings.

¶ 2 Sandra Basile ("Basile"), the representative of a class of plaintiffs (collectively "Appellants") filed a class-action suit against H & R Block, Inc., ("Block"), and H & R Block Eastern Tax Services, Inc., ("Block Tax Services") (collectively "Appellees"). In *Basile v. H & R Block, Inc.,* 777 A.2d 95 (Pa.Super.2001) (*Basile IV*), a panel of this Court set forth the lengthy history of this case as follows:

Between 1990 and 1993, ... [Basile] and Laura Clavin ["Clavin"] retained Block to prepare their federal and state income tax returns and obtain tax refunds from the Internal Revenue Service. Subsequently, [on April 23, 1993] Basile and Clavin filed a class action complaint, alleging that during the tax preparation process Block enlisted their participation in its "Rapid Refund" service and did not disclose that their "rapid refunds" were, in fact, short-term, high-interest loans (loans) secured by the taxpayers' pending refunds. [Appellants] alleged further that Block shared in the interest and fees collected on the loans but did not apprise them of its financial interest. [Appellants] contend[ed], accordingly, that Block secured their participation in the "Rapid Refund" service on the basis of false pretense, as a consequence of which they paid interest ranging from a low of 32% to a high of 151%, based on the amount of the loan. Accordingly, [Appellants] asserted causes of action for [v]iolation of the Truth in Lending Act, 15 U.S.C. § 1638; [f]raud; [n]egligent [m]isrepresentation; [v]iolation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201–2 through 201–9.2 (UTPCPL); [v]iolation of the Delaware Legal Rate of Interest, 6 Del.Code § 2301(a); and [b]reach of [f]iduciary [d]uty. In support of their assertion of fiduciary duty, [Appellants] alleged that their relationship with Block was confidential in nature, and/or that Block had acted as an agent in preparing their tax returns and obtaining their "rapid refunds."

Subsequently, Block and co-defendant Mellon Bank, N.A., served notice of removal of the case to the United States District Court for the Eastern District of Pennsylvania ... on the basis of federal diversity jurisdiction. The federal court dismissed [Appellants'] Truth in Lending and interest rate claims and remanded the matter to the Court of Common Pleas for disposition of [Appellants' remaining] state law claims. *See Basile v. H & R Block, Inc.,* 897 F.Supp. 194, 199 (E.D.Pa.1995) (*Basile I*). In state court, [Appellants] requested class action certification. [In an Order dated January 17, 1996, the trial court indicated that it would assume an agency relationship in considering the Motion for

---

* This decision was reached following the retirement of President Judge DEL SOLE.

certification.] The court denied certification of [Appellants'] fraud, misrepresentation, and UTPCPL claims, but granted certification of their claim of breach of fiduciary duty. The court delineated the class as:

All Pennsylvania residents who, while having their tax returns prepared by Block, applied for and received a "Rapid Refund" of their federal tax refund during the years 1990 through 1993 through Block's Rapid Refund Anticipation Loan ["RAL"] Program at Block's offices or places of business located in the Commonwealth of Pennsylvania.

Order of Court, 5/30/97, at 2. The court certified [Basile] as class representative, but declined to so certify [Clavin], concluding that Clavin, as [an] employee of class counsel, was subject to a conflict of interest.

Subsequently, [Appellants] and Block filed cross-motions for summary judgment. Block challenged [Appellants'] fiduciary duty claim, asserting that the evidence failed to establish either an agency or confidential relationship between the parties. [On December 31, 1997, the trial] court granted Block's motion and denied [Appellants'] cross-motion, concluding, *inter alia,* that "the extent of [Basile's] contact with Block during the preparation and filing of her tax returns speaks to the lack of confidential relationship defined by law." Memorandum Opinion and Order, 12/31/97, at 7. [In January 1998, Appellants] appealed from the court's order granting summary judgment on their claim of breach of fiduciary duty, as well as from certain provisions of the prior class certification order. [In February 1998, Appellees filed a cross-appeal challenging the January 1996 Order. They did not challenge the May 1997 Order granting class certification.] We ad-

dressed [Appellants'] appeal, as well as [the] cross-appeal filed by Block and Mellon, and rendered an Opinion in *Basile v. H & R Block, Inc.,* 1999 PA Super 44, 729 A.2d 574 (Pa.Super.1999) (*Basile II* ). We determined that evidence adduced by [Appellants] in discovery established an agency relationship between [Appellants] and Block as a matter of law, as a consequence of which Block owed all members of the plaintiff class a fiduciary duty extending to all matters within the scope of the tax preparer-taxpayer relationship. *See id.* at 582. Accordingly, we concluded that the trial court had abused its discretion in granting Block's motion for summary judgment and remanded the matter to the trial court for consideration of issues of fact. *See id.* We concluded also that the court had erred in refusing to certify [Appellants'] UTPCPL claims to proceed as a component of the class action. *See id.* at 584. We did not address [Appellants'] assertion that Block owed members of the plaintiff class a fiduciary duty arising from a confidential relationship.

Thereafter, Block sought review of our decision in the Supreme Court of Pennsylvania, limited to the issue of whether Block owed a fiduciary duty to the members of the plaintiff class by reason of an agency relationship. [Appellees did not challenge the class certification.] The Supreme Court granted allowance of appeal limited to the issue of "the propriety of the Superior Court's conclusion that an agency relationship existed between [the plaintiff class] and Block such that [the plaintiff class] may pursue a claim that Block breached its fiduciary duties to them." *Basile v. H & R Block, Inc.,* [563 Pa. 359, 365, 761 A.2d 1115, 1118 (2000) ] (*Basile III* ). Upon review, [our] Supreme Court found that

"the pleadings here do not establish an agency relationship," *id.* at 1121, and held as a matter of law that "Block was not acting as [Appellants'] agent in the RAL [loan] transactions, such that they were subject to a heightened, fiduciary duty." *Id.* Accordingly, the [Supreme] Court vacated our order and remanded the matter for consideration of [Appellants'] alternative argument that "even if a principal-agent relationship did not exist, Block owed [Appellants] a fiduciary duty as a result of a confidential relationship." *Id.* at 1122. The Court directed that we consider the confidential relationship issue "in the first instance." *See id.* at 1123.

*Basile IV,* 777 A.2d at 98–100.

¶ 3 On remand, a panel of this Court concluded that Appellants presented sufficient *prima facie* evidence of a confidential relationship between themselves and Appellees to establish a fiduciary duty. *See Basile IV,* 777 A.2d at 103, 107. Accordingly, a panel of this Court reversed the grant of summary judgment in favor of Appellees, and remanded the case to the trial court with the directive that if Appellants succeeded in demonstrating to the fact-finder a confidential relationship, Appellees would be bound by a corresponding fiduciary duty as a matter of law. *Id.*

¶ 4 On remand, the trial court permitted Appellees to file a Motion to decertify the class. The trial court established a briefing schedule, and conducted oral argument on the Motion to decertify. Thereafter, Appellants contend that the trial court

scheduled, *sua sponte,* a settlement conference, at which the trial court recommended that Appellants accept a $10 million dollar settlement offer from Appellees. Appellants refused the settlement offer.

■ ¶ 5 On January 12, 2004, Appellants filed a Motion for recusal of the trial judge. The trial court did not rule on the recusal Motion, but instead, on January 21, 2004, filed an Order granting Appellees' Motion to decertify the class. Appellants then filed a Notice of appeal to this Court.[1] The trial court did not order Appellants to file a Pennsylvania Rule of Appellate Procedure 1925(b) Statement. However, on March 21, 2004, the trial court authored an Opinion in support of its decertification Order.

¶ 6 On March 1, 2006, this *en banc* panel reversed the trial court's Order decertifying the class. In doing so, we held that Appellees had waived their challenge to the May 1997 Order granting class certification when Appellees failed to raise such challenge at their first opportunity, that being during their 1998 cross-appeal.

¶ 7 Appellees then filed a Petition for allowance of appeal with the Pennsylvania Supreme Court. In a brief Order, our Supreme Court granted the Petition for allowance of appeal, vacated our March 1, 2006 Order, and remanded the case to this Court with a directive to specifically discuss Pennsylvania Rules of Appellate Procedure 501 and 511, Pennsylvania Rule of Civil Procedure 1710(d), and two particular footnotes appearing in caselaw.[2] Pursuant

---

1. We note that, as a jurisdictional matter, an appeal from an order decertifying a class is proper. An order denying class certification is an appealable collateral order. *DiLucido v. Terminix International,* 450 Pa.Super. 393, 676 A.2d 1237 (1996). An order decertifying a class has the same practical effect as an order denying class certification, *i.e.,* putting

class members with small claims out of court. *Id.*

2. The text of our Supreme Court's Order provides as follows:
   **AND NOW,** this 26th day of September, 2006, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Superior Court is **VACATED,** and this case is

to our Supreme Court's Order, we address the issue of whether Appellees waived their challenge to the class certification by failing to appeal the trial court's Order granting certification at the first opportunity.

¶ 8 Orders granting class certification are interlocutory. However, interlocutory orders that are not subject to immediate appeal as of right may be reviewed in a subsequent timely appeal of a final appealable order or judgment. *Stephens v. Messick*, 799 A.2d 793, 798 (Pa.Super.2002); *see also Bird Hill Farms, Inc. v. United States Cargo & Courier Service, Inc.*, 845 A.2d 900, 903 (Pa.Super.2004) (stating that "[o]nce an appeal is filed from a final order, all prior interlocutory orders are subject to review"). Accordingly, interlocutory orders granting class certification become reviewable on appeal upon the trial court's entry of a final order granting a motion for summary judgment. *See Gersenson v. Pennsylvania Life and Health Insurance Guaranty Association*, 729 A.2d 1191 (Pa.Super.1999) (addressing an appeal from the trial court's orders denying a class-action defendant's motion for summary judgment and granting the class-action plaintiffs' motion for summary judgment, and addressing previous interlocutory order granting class certification). We conclude that the May 1997 interlocutory Order of the trial court, which granted class certification, was rendered appealable when the trial court entered its final Order granting summary judgment in December 1997.

¶ 9 We now examine the Rules of Appellate Procedure cited by our Supreme Court in its remand Order. Pennsylvania Rule of Appellate Procedure 501 provides in relevant part as follows:

Any Aggrieved Party May Appeal

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order ... may appeal therefrom.

Pa.R.A.P. 501. Under this Rule, the prerequisite that a party be aggrieved by an appealable order is a threshold for standing to file an appeal. Our courts have long held that "[t]o be 'aggrieved' a party must have been adversely affected by the decision from which the appeal is to be taken." *Green by Green v. SEPTA*, 380 Pa.Super. 268, 551 A.2d 578, 579 (1988).

¶ 10 Here, although Appellees were the prevailing party with respect to the December 1997 Order granting summary judgment, they were "aggrieved" with respect to the trial court's May 1997 Order granting class certification because they were adversely affected by the grant of class certification. The Order granting class certification, which had been interlocutory, became appealable with the December 1997 grant of summary judgment. *Stephens; Bird Hill Farms; Gersenson.* Appellees understood at that time the appealable nature of the interlocutory May 1997 Order. In fact, following the grant of summary judgment in December 1997, Appellees elected to file a cross-appeal from another interlocutory order of the trial court, entered in January 1996, which had ruled that the trial court would assume the existence of an agency relationship in considering the Motion to certify the class. Thus, following the trial court's entry of summary judgment in December 1997, Ap-

**REMANDED** to the Superior Court. The Superior Court is directed to specifically discuss Pa.R.A.P. 501, 511, *Hospital & Healthsystem Association of Pennsylvania v. Department of Public Welfare*, 585 Pa. 106, 888 A.2d 601, 606–07 n. 11 (Pa.2005), Pa. R.C.P. 1710(d), *Debbs v. Chrysler Corporation*, 2002 PA Super 326, 810 A.2d 137, 161 n. 30 (Pa.Super.2002), and any other related precedent.

pellees were aggrieved by the May 1997 Order granting class certification, and the issue was then ripe for appeal.

■ ¶ 11 Our Supreme Court directs us to next address the applicability of Pennsylvania Rule of Appellate Procedure 511. In addressing this Rule, we first note that the present case was initiated in 1993. The current amended version of Rule 511, and its accompanying Note, became effective on December 2, 2002. We have long stated that "procedural rule amendments do not apply to actions at law instituted prior to the effective date of the amendment; procedural rights are determined by the law in force when the action is initiated." *Trinity Area School District v. Dickson,* 223 Pa.Super. 546, 302 A.2d 481, 484 (1973). Since this case was commenced prior to the effective date of the 2002 amendments to Rule 511, we must assess this matter within the ambit of the prior version of Rule 511.

¶ 12 The version of Rule 511 that was applicable when Appellants initiated this action provided as follows:

Rule 511. Cross Appeals

The discontinuance or, except as prescribed by Rule 903(b) (cross appeals) or by Rule 113(b) (cross petitions), the taking of an appeal by a party shall not affect the right of appeal of any adverse party.

Pa.R.A.P. 511 (as amended May 16, 1979). Thus, at the time of the filing of the cross-appeal by Appellees, Rule 511 provided no restriction for the filing of cross-appeals except for time of filing restrictions.

¶ 13 Even if we were to apply the current version of Rule 511, as amended in 2002, we would conclude that it likewise does not limit the filing of a cross-appeal. Rule 511 currently provides as follows:

Rule 511. Cross Appeals

The timely filing of an appeal shall extend the time for any other party to cross appeal as set forth in Rules 903(b) (cross appeals), 1113(b) (cross petitions for allowance of appeal) and 1512(a)(2) (cross petitions for review). The discontinuance of an appeal by a party shall not affect the right of appeal of any other party regardless of whether the parties are adverse.

Pa.R.A.P. 511.

¶ 14 By its plain language, Rule 511 does not preclude a party aggrieved by a previous order of the trial court from filing a cross-appeal. However, the Official Note to Rule 511, which became effective December 2, 2002, states that "[a]n appellee **should not be required** to file a cross appeal because the Court below ruled against it on an issue, as long as the judgment granted appellee the relief it sought." *Id.* (emphasis added). Thus, although a party is not "required" to file a cross-appeal by Rule 511, the party is not precluded from filing a cross-appeal when the lower tribunal ruled against it on another issue, or if a party desires to file a cross-appeal to raise an issue in support of affirmance on other grounds.

■ ¶ 15 We conclude that while Rules 501 and 511 require that an initial appellant must be aggrieved by an order to file an "appeal," a cross-appellant need not be aggrieved by the same order in order to file a "cross-appeal." A party may file a cross-appeal to ensure against the possibility that the appellate court will reverse the court below without considering issues raised before the lower court or without addressing other points that would lead to an affirmance.

¶ 16 Here, the record reflects that Appellees elected to file a cross-appeal after the December 1997 entry of summary judgment in their favor. *Basile II,* 729 A.2d at 579. In their cross-appeal, Appel-

lees only challenged the trial court's January 1996 Order, which ruled that the trial court would assume the existence of an agency relationship in considering whether to certify the class. Although presented with the opportunity to do so, Appellees failed at that time to challenge the May 1997 Order certifying the class. Accordingly, under the factual circumstances presented in this case, we hold that Appellees waived subsequent challenges to the Order granting class certification.

¶ 17 We next consider *Hosp. & Healthsystem Ass'n of Pa. v. Dep't of Pub. Welfare*, 585 Pa. 106, 888 A.2d 601, 607 (2005). In that case, the appellant, Hospital & Healthsystem Association of Pennsylvania, in 2002 filed in the Commonwealth Court a petition for review in the nature of a complaint in equity and declaratory judgment seeking to enjoin provisions of a general appropriations bill as being in violation of the Pennsylvania Constitution. The appellee, Pennsylvania Department of Public Welfare, filed preliminary objections seeking dismissal of the appellant's petition for review on the basis of lack of standing and in the nature of a demurrer. The Commonwealth Court found that the appellant had standing, but granted the appellee's preliminary objection in the nature of a demurrer. The appellant then appealed to our Supreme Court. In addressing the issue of standing as a threshold matter, the Supreme Court stated the following in a footnote:

> While DPW did not appeal or cross-appeal from the Commonwealth Court's adverse ruling regarding its preliminary objection as to standing, because it was not aggrieved by the court's ultimate decision in the case sustaining its preliminary objection in the nature of a demurrer, it was not required to file such an appeal. *See* Pa.R.A.P. 501 (noting that any party who is aggrieved by an appealable order, may appeal there-

from); *see also* Pa.R.A.P. 511, Official Note (citing *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695 (Pa.Super.2000)); *Hashagen v. Workers' Comp. Appeal Bd.*, 758 A.2d 276 (Pa. Cmwlth.2000) (holding an appellee should not be required to file a cross-appeal because the Court below ruled against it on an issue, so long as the judgment granted Appellee the relief it sought).

*Hosp. & Healthsystem Ass'n of Pa.*, 888 A.2d at 607 n. 11.

¶ 18 We are mindful that *Hosp. & Healthsystem Ass'n of Pa.*, which was decided in 2005, applies the current version of Rule 511 as amended in 2002. It does not address the prior version of Rule 511, which was in effect at the time that the instant matter was before this Court on Appellees' cross-appeal. Therefore, we conclude that *Hosp. & Healthsystem Ass'n of Pa.* is of little significance to our analysis.

■ ¶ 19 Even if we applied *Hosp. & Healthsystem Ass'n of Pa.* to the case at bar, we would observe that in footnote 11, the Supreme Court instructed that, pursuant to Rules 501 and 511, the appellee was not required to appeal or cross-appeal because it was not aggrieved by the ultimate decision in the matter. The footnote implies that because the appellee did not appeal or cross-appeal, the Court would address the issue of standing. However, as indicated above, the facts in *Hosp. & Healthsystem Ass'n of Pa.*, are dissimilar from those in the matter before us in that the Appellees in this case filed a cross-appeal challenging the trial court's Order of January 1996. Accordingly, at that time, Appellees should have also challenged the May 1997 Order granting class certification in their cross-appeal. To permit otherwise would allow piecemeal litiga-

tion of appellate issues. Thus, *Hosp. & Healthsystem Ass'n of Pa.* is distinguishable from the instant case. Based on the foregoing, we conclude that Appellees waived their challenge to class certification by failing to raise the issue at the first opportunity.[3,4]

■ ¶ 20 We next address Pennsylvania Rule of Civil Procedure 1710(d), which provides as follows:

Rule 1710. Order Certifying or Refusing to Certify a Class Action. Revocation. Amendment. Findings and Conclusions

(d) An order under this rule may be conditional and, before a decision on the merits, may be revoked, altered or amended by the court on its own motion or on the motion of any party. Any such supplemental order shall be accompanied by a memorandum of the reasons therefor.

Pa.R.C.P. 1710(d).

¶ 21 This language addresses the time constraints for decertification of a class and permits decertification up until the time of "a decision on the merits." *Id.*[5] Our review of the record reflects that, on December 31, 1997, the trial court ruled on the merits of the case when it granted Appellees' Motion for summary judgment and found that Appellees did not owe the class a fiduciary duty because there was no agency relationship and no confidential relationship between the parties. Ultimately, our Supreme Court upheld the trial court's decision on the merits with regard to the trial court's determination of a lack of agency. This Court subsequently addressed the propriety of the confidential relationship claim and determined that Appellants had presented a *prima facie* case asserting the existence of a confidential relationship. Accordingly, the decertification of the class occurred after the merits of the case had been decided by the trial court and addressed on appeal by both this Court and our Supreme Court. Thus, a decision on the merits, which was requested by Appellees, precluded the trial court's subsequent decertification of the class.

¶ 22 Finally, we address the following language set forth in this Court's decision in *Debbs v. Chrysler Corporation,* 810 A.2d 137 (Pa.Super.2002), which states,

Judge Levin was concerned that Chrysler had filed its petition after three years had passed. He questioned

---

3. Even if this issue had not been waived, we see no change in circumstances, which would have permitted the trial court to alter its previous certification of the class. We are mindful that a court may alter, modify, or revoke the certification of a class if facts later develop in the litigation that reveal that some prerequisite to certification is not satisfied. *Janicik v. Prudential Ins. Co.,* 305 Pa.Super. 120, 451 A.2d 451, 455 (1982). However, we see no factual changes other than Appellants' rejection of a $10,000,000.00 settlement offer. Such a change should not have influenced the trial court's decision to decertify the class.

4. We leave for another day a discussion of whether the challenge to the class certification would have been preserved if no cross-appeal had been taken as that factual scenario was not presented in this case.

5. We note that the language of Rule 1710(d), permitting decertification of a class up to the point where there has been a decision on the merits, is distinct from that of the corresponding Federal Rule of Civil Procedure 23(c)(1)(c). Rule 23(c)(1)(c) provides that an order decertifying a class action "may be altered or amended before **final judgment.**" *Id.* (emphasis added). Thus, Rule 1710(d) permits reconsideration of class certification only up to the point where the court has made a decision on the merits, not to the point of final judgment. This distinction is logical, as our Pennsylvania Rule limits piecemeal litigation and effectively preserves judicial resources.

"the impropriety of [Chrysler's] effort to revisit the merits of a three and one-half-year-old decision by this Court." [Trial Court Opinion, 4/29/98,] at 9. Yet, the respected jurist cited no law or case decision wherein a time limit was said to apply to the filing of petitions to decertify. We note that our class action rules contain no express time limit for decertifying a class so long as decertification takes place before reaching the merits. *See,* Pa.R.C.P. 1710(d). Indeed, some time during which the parties attempt to work within the class definition is likely to run before the filing of a petition to decertify.

*Id.* at 161 n. 30.[6]

¶ 23 Again, the facts in *Debbs* are distinguishable from the factual scenario before us. In *Debbs,* a class of automobile owners whose vehicles were equipped with defective airbags brought an action against the manufacturer for strict liability. The trial court certified the class and the case then proceeded to trial before a jury. The jury returned a verdict in favor of the class. Judgment was entered and the manufacturer brought an appeal challenging, among other things, the certification of the class. On appeal, this Court vacated the judgment and remanded for decertification of the class. It is clear from these facts that the manufacturer challenged the certification of the class at the first opportunity presented, that being the direct appeal to this Court. However, as discussed previously in this Opinion, Appellees in this matter received a decision on the merits, at their request, by the Supreme Court. Therefore, pursuant to Rule 1710(d), this action foreclosed Appellees from later revisiting the issue of class certification. Ac-

cordingly, we are again constrained to conclude that the trial court erred in granting Appellees' Motion to decertify the class. Thus, we reverse the Order decertifying the class and remand the case for further proceedings.

¶ 24 Order reversed. Case remanded. Jurisdiction relinquished.

¶ 25 Judge LALLY–GREEN files a Dissenting Statement, in which Judge ORIE MELVIN joins.

DISSENTING STATEMENT BY LALLY–GREEN, J.:

¶ 1 I respectfully dissent for the reasons set forth in my prior dissenting statement. *Basile v. H & R Block, Inc.,* 894 A.2d 786, 792–793 (Pa.Super.2006) (*en banc* ) (Lally–Green, J., dissenting).

¶ 2 I add the following observations. First, in my view, the 2002 amendments to Pa.R.A.P. 511, regarding cross-appeals, are irrelevant. Former Rule 511 and current Rule 511 are both silent on the issue of aggrievement. Since a cross-appeal is a type of appeal, I would hold that a cross-appellant must follow the general rule of aggrievement for **all** appellants set forth at Pa.R.A.P. 501:

> **Rule 501. Any Aggrieved Party May Appeal**
>
> Except where the right of appeal is enlarged by statute, any party **who is aggrieved by an appealable order,** or a fiduciary or whose estate or trust is so aggrieved, may appeal **therefrom.**

Pa.R.A.P. 501 (emphasis added); *see also Green v. SEPTA,* 380 Pa.Super. 268, 551 A.2d 578, 579 (1988) (party must be aggrieved "by the decision from which the appeal is to be taken."). Here, the appeal-

---

**6.** We note that this language was unnecessary for the determination of the case and is therefore *dicta,* which is not binding upon this Court. *Cambria & C.R. Co. v. Blandburg Wa-*

*ter Co.,* 226 Pa. 402, 75 A. 595 (1910). *See also Generette v. Donegal Mut. Ins. Co.,* 884 A.2d 266, 276 (Pa.Super.2005) (stating that *dicta* is not binding).

able order and the "decision from which the appeal is to be taken" was a summary judgment order which granted Block a complete victory. Block was simply not aggrieved by this order.

¶ 3 I recognize that an appealable order generally subsumes any prior interlocutory orders in the same case. However, this simply means that the losing party may challenge the final adverse order, as well as any prior non-final orders that were also adverse to the losing party. It does not mean that even the **winning party** must file a protective cross-appeal, under penalty of waiver, simply because the trial court may have at one point ruled against the winning party before later granting a complete victory. To hold otherwise would needlessly complicate the already-complex realm of appellate practice.

¶ 4 I also respectfully disagree with the Majority's position that a "decision on the merits" had already taken place before Block moved to decertify the class, thus making the motion untimely under Pa. R.C.P. 1710(d). The trial court was prepared to hold a class-action trial on the question of whether a confidential relationship existed between the parties. The merits of this question, therefore, had not yet been decided. Thus, in my view, the motion was not untimely under Pa.R.C.P. 1710(d).

¶ 5 For these reasons, I respectfully dissent.