**Clinton HASHAGEN, Petitioner,**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (AIR PRODUCTS & CHEMICALS, INC.), Respondent.**

**Air Products & Chemicals, Inc., Petitioner,**

**v.**

**Workers' Compensation Appeal Board (Hashagen), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2000.

Decided Aug. 23, 2000.

Sheilah A. Tone, Scranton, for petitioner, Air Products & Chemicals, Inc.

Jerry M. Lehocky, Philadelphia, for respondent, Clinton Hashagen.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

KELLEY, Judge.

In these consolidated cross petitions for review, Clinton Hashagen (Claimant) and Air Products & Chemicals, Inc. (Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) granting Employer's appeal and reversing the decision of the Workers' Compensation Judge (WCJ). The WCJ's decision granted Claimant's reinstatement

petition effective April 15, 1996, ordered the reinstatement of Claimant's temporary total disability benefits, dismissed Claimant's modification petition, and denied Employer's termination petition.

Employer employed Claimant from 1957 through 1984 in various capacities, but primarily as a welder. After he left his employment with Employer, Claimant was self-employed as an independent trucker from 1985 through 1995.

Pursuant to a WCJ decision dated February 27, 1988, Claimant was awarded partial disability benefits effective August 28, 1985 for work related lung disease. Claimant received 500 weeks of partial disability benefits beginning August 28, 1985 and ending on March 8, 1995. On April 11, 1996, Claimant filed a modification petition alleging that he had become totally disabled as of April 10, 1996 due to his work related lung condition. On April 15, 1996, Claimant filed a reinstatement petition alleging that he had become totally disabled as of March 28, 1996 due to his work related lung condition. Claimant alleged therein that his condition had progressed and worsened to a point where he was no longer capable of performing any kind of employment. Employer filed timely answers to both petitions denying the allegations.

On November 10, 1997, Employer filed a termination petition alleging that Claimant had fully recovered from his work-related condition as of August 15, 1996. Claimant filed a timely answer to the termination petition denying the allegations contained therein. The petitions were consolidated and hearings before a WCJ ensued.

Based on the evidence presented, by decision dated June 22, 1998, the WCJ granted Claimant's reinstatement petition effective April 15, 1996, ordered the reinstatement of Claimant's temporary total disability benefits, dismissed Claimant's modification petition, and denied Employer's termination petition. Employer filed a timely appeal of the WCJ's decision with the Board.

■■■ The sole issue addressed by the Board was whether Claimant's petitions were time barred by Sections 413 and 306(b) of the Workers' Compensation Act (Act)[1] pursuant to this Court's decision in *Stewart v. Workers' Compensation Appeal Board (PA Glass Sand)*, 724 A.2d 403 (Pa.Cmwlth.1999), *reversed*, 562 Pa. 401, 756 A.2d 655 (2000). Based on *Stewart*, the Board reversed the WCJ's decision and granted Employer's appeal. These cross petitions for review followed.[2]

■■■ In his appeal,[3] Claimant raises three issues:

1. Whether this Court's decision in *Stewart* directly impacted upon an employee's substantive right to receive worker's compensation benefits and

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512; 77 P.S. § 772.

2. We note that Employer filed a protective cross petition for review with this Court in light of Claimant's petition for review. Employer is seeking review of that portion of the Board's order wherein the Board indicated that the sole issue before the Board was a limitations/procedural issue. Employer states in its cross petition for review that this matter was additionally before the Board as a result of Employer's underlying appeal on substantive grounds, specifically, that the WCJ's decision was not based upon substantial and competent evidence of record. However, "[o]nly 'aggrieved' parties may appeal, Pa.R.A.P. 501, and a party who prevails simply is not an aggrieved party and has no standing to appeal." *Chicoine v. Workmen's Compensation Appeal Board (Transit Management Services)*, 159 Pa.Cmwlth.362, 633 A.2d 658, 663 (1993). Accordingly, we must quash Employer's appeal because Employer prevailed before the Board in this matter.

3. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

therefore, should not have been applied retroactively;

2. Whether the Board erroneously concluded that the statute of limitations set forth in Section 413 of the Act barred Claimant's petition for reinstatement because he did not seek reinstatement within the 500 week period that he was receiving partial disability benefits; and

3. Whether there was substantial competent evidence to support the WCJ's finding that Claimant's condition has worsened and is affecting his earning power causing total disability.

Section 306(b) of the Act provides that compensation shall be paid during the period of partial disability but for not more than 500 weeks. Section 413 of the Act provides, in relevant part, as follows:

A [WCJ] ... may, at any time, modify, reinstate, suspend, or terminate ... an award of the department or its [WCJ], upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased.... : Provided, That, except in the case of eye injuries, no ... award ... shall be reviewed or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, unless it be shown that the loss in ·earnings does not result from the disability due to the injury. ·

In *Stewart,* this Court addressed the issue of whether a claimant's modification petition was untimely under Section 413 of the Act when the petition was not filed until five months after the claimant had received the entirety of his 500–week statutory remedy of partial disability benefits, pursuant to Section 306(b) of the Act. This Court held that total disability benefits were not available to the claimant because Section 413(a) deprives a claimant of eligibility to seek modification or reinstatement under any circumstances following the expiration of the maximum period allowed for the receipt of compensation for partial disability under Section 306(b). However, since the filing of these cross-petitions for review with this Court in this matter, our Supreme Court has reversed this Court's decision in *Stewart. See Stewart v. Workers' Compensation Appeal Board (Pa. Glass Sand),* 562 Pa. 401, 756 A.2d 655 (2000). Therein, our Supreme Court holds that, pursuant to Section 413(a) of the Act, modification or reinstatement may be sought within three years of the final payment after exhaustion of the 500 weeks of partial disability benefits. *Stewart,* 562 Pa. at 404–11, 756 A.2d at 657–60.

In light of our Supreme Court's reversal of our decision in *Stewart,* we conclude that Board erred by holding that Claimant's petitions were time barred by Sections 413 and 306(b) of the Act. As stated previously herein, the Board only addressed the issue of whether Claimant's petitions were time barred and did not address the other issues raised by Employer. Specifically, whether the WCJ's decision was based upon substantial and competent evidence of record. Accordingly, we reverse the Board's order and remand this matter to the Board to address the substantive issues raised by Employer in its appeal to the Board.[4]

---

4. In remanding this matter, we draw the

Board's attention to another recent decision

## ORDER

AND NOW, this 23rd day of August, 2000, the order of the Workers' Compensation Appeal Board in the above captioned matter at No. 2574 C.D.1999 is reversed and this matter is remanded for proceedings consistent with the foregoing opinion. The petition for review filed by Air Products & Chemicals, Inc. at 2650 C.D.1999 is quashed.

Jurisdiction relinquished.

by our Supreme Court, *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries),* 562 Pa. 411, 756 A.2d 661 (2000), wherein the Court sets forth the claimant's burden of proof to reinstate total disability benefits following the exhaustion of partial disability benefits.