J-S76043-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| P.P. AND E.P., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| R.S. AND C.S., | |
| Appellants | No. 1346 WDA 2014 |

Appeal from the Order entered July 18, 2014,
in the Court of Common Pleas of Blair County,
Civil Division, at No(s): 2013 GN 1126

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, and OLSON, JJ.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JANUARY 27, 2015**

R.S. and his wife, C.S., ("Parents") appeal from the order entered July 18, 2014.  Said order determined that P.P. and his wife, E.P., ("Third Parties")[1] stand *in loco parentis* with regard to L.S., the six-year-old child of Parents.  The order further concluded that Third Parties did not stand in *loco parentis* with respect to the ten-year-old child C., who is the natural child of C.S. and was adopted by R.S.  The order also denied Third Parties' request for custody or partial custody rights with regard to both children.

On April 22, 2013, Third Parties filed a petition for custody rights of L.S. and C.  On July 14, 2014, the trial court held a hearing regarding Third Parties' standing to proceed with a custody action.  On July 14, 2014, Third

_____

[1] Persons other than parents are "third parties" for purposes of custody disputes.  **See Gradwell v. Strausser**, 610 A.2d 999, 1001 (Pa. Super. 1992).  Third Parties are not biologically related to the children.

Parties filed an amended petition, seeking a separate trial on the custody portion of their petition. After a hearing on July 14, 2014, the court determined that Third Parties were more credible than Parents, and had greater interaction with the child L.S., than the child C. Trial Court Opinion, 9/13/14, at 1. The court also determined Third Parties provided sufficient evidence to establish *in loco parentis* status with regard to L.S., but not C. *Id.* at 1-2. The trial court ruled, however, that Third Parties could not exercise any custody or partial custody of L.S. because Parents and the children remained an intact family.

On August 13, 2014, Parents filed a notice of appeal and a Pa.R.A.P. 1925(a)(2)(i) and (b) statement. Parents challenge the determination of *in loco parentis* standing as to L.S., seeking to impeach the trial court's factual findings. However, as the order on appeal denied any custody to Third Parties, we must dismiss the appeal. *In re J.G.*, 984 A.2d 541, 548 (Pa. Super. 2009) (prevailing party is not aggrieved by trial court's order and cannot maintain appeal).[2]

---

[2] We note that the trial court's finding of *in loco parentis* standing as to L.S. appears inconsistent with its finding that Parents' family remains intact. *See D.G. v. D.B.*, 91 A.3d 706, 709-10 (Pa. Super. 2014); 23 Pa.C.S.A. § 5324(2). However, as the trial court did not grant custody, Parents were prevailing parties, and may not appeal the order. *See Basile v. H & R Block, Inc.*, 973 A.2d 417, 421-422 n.4 (2009) ("[o]nly 'aggrieved' parties may appeal, Pa.R.A.P. 501, and a party who prevails simply is not an aggrieved party and has no standing to appeal[]"). Parents' challenge to the trial court's *in loco parentis* determination does not confer aggrieved status. *See Maple Street A.M.E. Zion Church v. City of Williamsport*, 7 A.3d

-2-

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015

---

319, 322 (Pa. Commwlth. 2010) (adverse ruling on legal issue will not confer standing to appeal upon party that prevailed before trial court).