**Rule 511.  Cross-Appeals.**

The timely filing of an appeal shall extend the time for any other party to cross-appeal as set forth in **[Rules]** <u>Pa.R.A.P.</u> 903(b) (cross-appeals), 1113(b) (cross-petitions for allowance of appeal)<u>,</u> and 1512(a)(2) (cross-petitions for review).  The discontinuance of an appeal by a party shall not affect the right of appeal **or cross-appeal** of any other party regardless of whether the parties are adverse.

**Official Note:**

**[The 2002 amendment clarifies the intent of the former rule that the filing of an appeal extends the time within which any party may cross appeal as set forth in Rules 903(b), 1113(b) and 1512(a)(2) and that a discontinuance of an appeal by a party will not affect the right of any other party to file a timely cross appeal under Rules 903(b), 1113(b<u>)</u> or 1512(a)(2) or to otherwise pursue an appeal or cross appeal already filed at the time of the discontinuance.  The discontinuance of the appeal at any time before or after a cross appeal is filed will not affect the right of any party to file or discontinue a cross appeal.**

**The 2002 amendment eliminates the requirement that a party be adverse in order to file a cross appeal and supersedes *In Re Petition of the Board of School Directors of the Hampton Township School District*, 688 A.2d 279 (Pa. Cmwlth. 1997), to the extent that decision requires that a party be adverse to the initial appellant in order to file a cross appeal.  See Rule 903(b).]**

See also **[Rules]** <u>Pa.R.A.P.</u> 2113, 2136<u>,</u> and 2185 regarding briefs in cross-appeals and **[Rule]** <u>Pa.R.A.P</u>. 2322 regarding oral argument in multiple appeals.

An appellee should not be required to file a cross-appeal because the **[C]c**ourt below ruled against it on an issue, as long as the judgment granted appellee the relief it sought.  **[See *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695 (Pa. Super. 2000) and *Hashagen v. Worker's Compensation Appeal Board*, 758 A.2d 276 (Pa. Cmwlth. 2000).  To the extent that *Saint Thomas Township Board of Supervisors v. Wycko*, 758 A.2d 755 (Pa. Cmwlth. 2000) is in conflict, it is disapproved.]** <u>*See Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107, 112 (Pa. 2013); *Basile v. H & R Block, Inc.*, 973 A.2d 417, 421 (Pa. 2009).</u>

<u>**If, however, an intermediate appellate court awards different relief than the trial court or other government unit, a party may wish to file a cross-petition for allowance of appeal under Pa.R.A.P. 1112.  *See, e.g., Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 179 A.3d 1093, 1098 & n.5 (Pa. 2018); *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247 (Pa. 2016).**</u>

**In deciding whether to cross-appeal, parties may also consider that appellate courts have discretion, but are not required, to affirm for any reason appearing in the record.** *See Commonwealth v. Fant*, 146 A.3d 1254, 1265 n.13 (Pa. 2016); *Pa. Dept. of Banking v. NCAS of Del., LLC*, 948 A.2d 752, 762 (Pa. 2008); *Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa.*, 923 A.2d 389, 401 (Pa. 2007).