[J-39-2023] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| STEWART KRAMER AND VALERIE CONICELLO | : | No. 103 MAP 2022 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court at No. 726 EDA 2021 |
| v. | : | dated December 2, 2021, |
| | : | reconsideration denied February 10, |
| | : | 2022, Affirming the Order of the |
| NATIONWIDE PROPERTY AND | : | Montgomery County Court of |
| CASUALTY INSURANCE CO. AND | : | Common Pleas, Civil Division at No. |
| LAURIE CRUZ, ADMINISTRATOR FOR | : | 2020-17901 dated February 19, |
| THE ESTATE OF MICHAEL T. MURPHY, | : | 2021 |
| JR., DECEASED, AND ADAM KRAMER | : | |
| | : | ARGUED:  September 12, 2023 |
| | : | |
| APPEAL OF: NATIONWIDE PROPERTY | : | |
| AND CASUALTY INSURANCE COMPANY | : | |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                **DECIDED:  April 25, 2024**

I join much of the majority opinion, but respectfully, I agree with Justice Mundy that in this case, the majority need not go so far as to say that *Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107 (Pa. 2013), and *Basile v. H&R Block, Inc.*, 973 A.2d 417 (Pa. 2009), "have no application here because this matter involves Parents' failure to file a cross-petition for allowance of appeal."  Majority Opinion at 18.  Unlike Justice Mundy, however, I agree with the majority that Parents' way forward is to seek *nunc pro tunc* relief in accordance with the concurring opinions in *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247 (Pa. 2016) ("*Meyer Darragh*").

First, I note that procedurally, this case is analogous to *Meyer Darragh* but distinct from *Lebanon Valley* and *Basile*. In *Lebanon Valley*, Lebanon Valley Farmers Bank sought a tax refund, arguing a statutory scheme pertaining to the taxation of banks that had merged with other banks violated the Uniformity Clause of the Pennsylvania Constitution. *See* 83 A.3d at 109-10. An *en banc* panel of the Commonwealth Court held the statutory scheme violated the Uniformity Clause, but nevertheless held the bank was not entitled to a refund. *See id.* at 110-11.[1] The bank filed an appeal as of right in this Court, but the Commonwealth did not file a cross appeal. *See id.* at 111. Yet on appeal, the Commonwealth raised (and we heard argument on) the issue of whether the statute violated the Uniformity Clause, the question decided against it below. *See id.* The bank argued the Uniformity Clause issue was not properly before the Court because the Commonwealth **waived** the issue by failing to file a protective cross-appeal challenging that portion of the Commonwealth Court's holding. *See id.*

We rejected the bank's argument, initially reciting that Pennsylvania Rule of Appellate Procedure 501 states "any party who is aggrieved by an appealable order . . . may appeal therefrom." *Id.* at 112, *quoting* Pa.R.A.P. 501. We also explained the Note to Rule 511 provided that "[a]n appellee should not be required to file a cross appeal because the court below ruled against it on an issue, as long as the judgment granted appellee the relief it sought." *Id.*, *quoting* Pa.R.A.P. 511 note. We further relied on *Basile*, where the Court explained "Pennsylvania case law also recognizes that a party adversely affected by earlier rulings in a case is not **required** to file a protective cross-appeal if that same party ultimately wins a judgment in its favor; the winner is not an 'aggrieved party.'" *Id.*, *quoting Basile*, 973 A.2d at 421 (emphasis in original). Considering this legal

---

[1] Though the court held the bank was not entitled to a refund, it ordered the Commonwealth to "provide meaningful retrospective relief" to remedy the bank's non-uniform treatment. *Lebanon Valley*, 83 A.3d at 111.

backdrop, we reasoned the Commonwealth Court granted the Commonwealth the relief it sought (*i.e.*, denial of the bank's refund request) even though it disagreed with the Commonwealth's Uniformity Clause argument. *See id.* We held, "[w]hile the Commonwealth certainly **could have filed a cross-appeal** raising a challenge to the Commonwealth Court's constitutionality determination, this Court refuses to require such a filing where the court's holding granted the relief sought, although based on an alternate reasoning." *Id.* (emphasis added). We elaborated:

> Moreover, any positive impact stemming from the filing of a protective cross-appeal is greatly outweighed by its negative impact on court efficiency. The court system is constantly inundated with appeals. "[R]efusing to hear protective cross-appeals will streamline cases on appeal and prevent prevailing parties from deluging the courts with unnecessary protective cross-appeals." *Basile*, [973 A.2d] at 427 (Baer, J., concurring). **Protective cross-appeals by a party who received the relief requested are not favored.** As such, a successful litigant need not file a protective cross-appeal **on pain of waiver.**

*Id.* at 112-13 (emphasis added).

*Basile* similarly involved a question of **waiver**. In that case, the trial court ruled against H&R Block in granting class action certification (after which H&R Block did not seek an immediate interlocutory appeal), but the court subsequently granted H&R Block's motion for summary judgment and denied the class's motion for summary judgment. *See Basile*, 973 A.2d at 419-20. The class appealed the disposition of the summary judgment motions, and H&R Block appealed the class certification order. *See id.* at 420. The Superior Court reversed the grant of summary judgment to H&R Block, and after an appeal in this Court and a remand to Superior Court, the case ended up back in the trial court on remand. *See id.* There, H&R Block filed a motion for decertification of the class, which the trial court granted based on the legal developments in the case. *See id.* The class appealed the decertification order, and the Superior Court reversed the

decertification, reasoning H&R Block waived its right to challenge the class certification during the first appeal to the Superior Court. *See id.*

After granting H&R Block's petition for allowance of appeal, this Court reversed. *See id.* at 421. We first explained the Superior Court was factually incorrect, as H&R Block had in fact filed a cross-appeal from the class certification order when the case was first before the Superior Court. *See id.* More importantly for today's purposes, however, we also cited the "aggrieved party" standard in Rule 501 and explained H&R Block "was the ultimate prevailing party at the time of the [first] appeal because it won its motion for summary judgment on the merits of the class action. As the prevailing party, it was not required to file a protective cross-appeal on the issue of class certification, although it did." *Id.* at 422 (footnote omitted). "Therefore," we held, "[H&R] Block did not **waive** its challenge to class certification." *Id.* at 423 (emphasis added).

Unlike *Lebanon Valley* and *Basile*, the present case does not really involve a waiver issue. To be precise, Parents do not seek to raise an argument pertaining to the applicability of the controlled substances exclusion in this Court, and Nationwide does not argue that issue is waived due to Parents' failure to file a cross-petition for allowance of appeal. Instead, Parents claim the Superior Court never actually decided the applicability of the exclusion since, according to Parents, its discussion of the exclusion was mere *dicta*, and they thus lacked the opportunity to challenge this aspect of the Superior Court's opinion because they were not "aggrieved" by an inconsequential detour by the panel below. But the majority is correct that Rule 1113(b) does not include any aggrievement requirement, and that Parents certainly had the opportunity to file a cross-petition for allowance of appeal to challenge the Superior Court's "dicta" about the policy exclusion.[2]

---

[2] In fact, as ably explained by the majority, *see* Majority Opinion at 17 & n.14, this portion of the Superior Court's opinion was part of its holding and not *dicta*.

*See* Majority Opinion at 18. Thus, the issue here is not "waiver" as presented in *Lebanon Valley* and *Basile*; it is one of timeliness.

In this regard, *Meyer Darragh* is precisely on point. As the majority explains, *see* Majority Opinion at 19, that case involved a dispute over attorneys' fees, where the Superior Court ruled against Meyer Darragh on its *quantum meruit* claim but ruled for Meyer Darragh on its breach of contract claim. *See Meyer Darragh*, 137 A.3d at 1252-53. The opposing law firm, Malone Middleman, filed a petition for allowance of appeal (which we granted) challenging the Superior Court's breach of contract holding, but Meyer Darragh did not seek allowance of appeal from the court's denial of its *quantum meruit* claim. *See id*. This Court reversed the Superior Court, holding "any recovery that may have been due to Meyer Darragh would lie in *quantum meruit*, and not breach of contract." *Id.* at 1259. The majority noted "Meyer Darragh does not attempt to resurrect its *quantum meruit* claim against Malone Middleman in its brief to this Court." *Id.* at 1256 n.9.

In his concurring opinion (which I joined), then-Chief Justice Saylor explained he was "circumspect concerning the degree to which the present decision may be construed as suggesting, if only implicitly, that Meyer Darragh has abandoned its *quantum meruit* claim by failing to raise it in its brief or by not filing a protective cross-petition for allowance of appeal." *Id.* at 1259-60 (Saylor, C.J., concurring). He explained "[l]itigants are generally discouraged from briefing issues not accepted for review[,]" and that the Court had recently stated in *Lebanon Valley* that "protective cross-appeals are disfavored and that 'a successful litigant need not file a protective cross-appeal on pain of waiver.'" *Id.* at 1260, *quoting Lebanon Valley*, 83 A.3d at 113. Former Chief Justice Saylor did not opine on whether that principle from *Lebanon Valley* applied. Indeed, he explained "[i]t is simply not clear how *Lebanon Valley*'s guidance translates . . . into the discretionary appeals context, where the Court is generally confined according to the issues accepted

for review." *Id.* at 1260 n.2. Instead, he simply recognized the possibility that "in electing not to file a cross-petition for allowance of appeal, Meyer Darragh relied to its detriment upon this Court's pronouncements in *Lebanon Valley* and *Basile*." *Id.* (footnote omitted). As a solution for the problem caused by this potential confusion — Meyer Darragh's decision not to challenge the Superior Court's *quantum meruit* determination in a timely cross-petition for allowance of appeal — Chief Justice Saylor suggested it could request relief in the form of leave to file a cross-petition for allowance of appeal *nunc pro tunc*. Then-Justice Todd agreed, but "would expressly permit Meyer Darragh to file a *nunc pro tunc* cross petition for allowance of appeal within 30 days[.]" *Id.* (Todd, J., concurring).

Just like in *Meyer Darragh*, Parents here got the relief they sought in Superior Court, even though they lost on their alternative argument. And as in *Meyer Darragh*, Parents did not file a cross-petition for allowance of appeal and "d[id] not attempt to resurrect" their arguments pertaining to the Controlled Substances Exclusion in their brief to this Court. *Id.* at 1256 n.9. The question therefore is not whether they waived their challenge to the Superior Court's holding regarding the exclusion — it's whether they can bring a challenge to the Superior Court's decision, even though it is too late to file a cross-petition for allowance of appeal from that decision. *See* Pa.R.A.P. 1113(b). The typical course for seeking review of an untimely petition is by applying for permission to file *nunc pro tunc*. *See, e.g.*, *Criss v. Wise*, 781 A.2d 1156 (Pa. 2001); Pa.R.A.P. 1113(d) (noting "the right of any petitioner to seek *nunc pro tunc* relief in compliance with the standard set forth in case law"). For this reason, I agree with the majority that *Meyer Darragh* applies instead of *Lebanon Valley* or *Basile*, and at this juncture, for Parents to challenge the

Superior Court's decision on the controlled substances exclusion, they must seek (and be granted) *nunc pro tunc* permission.[3]

However, to the extent the majority opinion can be construed as holding the principles from *Lebanon Valley* — that protective cross-appeals are disfavored and "a successful litigant need not file a protective cross-appeal on pain of waiver," 83 A.3d at 113 — do not apply in the context of discretionary appeals, I agree with Justice Mundy we need not go so far. As explained above, the question here is not about waiver. The appropriate case to address the applicability of *Lebanon Valley* in the context of a

---

[3] I highlight our subsequent grant of *nunc pro tunc* relief to Meyer Darragh, *see* Order, *Meyer Darragh v. Malone Middleman*, 62-63 WM 2016 (Pa. Sept. 7, 2016) *(per curiam)*, was a bit of an outlier, and Parents would need to make a strong showing such extraordinary relief is warranted here. Rule 105(b) dictates "the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, a petition for review, or a petition for specialized review." Pa.R.A.P. 105(b). Nevertheless, "appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances." *Criss*, 781 A.2d at 1159. Traditionally, *nunc pro tunc* relief was "limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations." *Id.* The standard was later liberalized to allow late filings where a party "has failed to file a notice of appeal on time due to non-negligent circumstances[.]" *Id.* (reciting factors requiring the applicant prove: "(1) the [applicant's] notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the [applicant] or the[ir] counsel; (2) the [applicant] filed the notice of appeal **shortly after the expiration date**; and (3) the [other party] was not prejudiced by the delay.") (emphasis added). This exception is "meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Id.* at 1160. Moreover, the notice afforded to Parents here is different from the notice lacking in *Meyer Darragh*. For one thing, *Meyer Darragh* alerted future litigants that it may be prudent to file a cross-petition for allowance of appeal in these circumstances. *See* 137 A.3d at 1259-60 (Saylor, C.J., concurring). For another, as the majority explains, the note to Rule 511 was amended to state: "If . . . an intermediate appellate court awards different relief than the trial court or other government unit, a party may wish to file a cross-petition for allowance of appeal under Pa.R.A.P. 1112. *See, e.g.*, . . . [*Meyer Darragh*,] 137 A.3d 1247 (Pa. 2016)." Pa.R.A.P. 511 note. In my view, if Parents seek *nunc pro tunc* relief, they will need to explain why they are entitled to such extraordinary equitable relief despite the notice given by *Meyer Darragh* and the Rule amendment.

discretionary appeal would be one where: (1) the appellee failed to file a cross-petition for allowance of appeal, but (2) nonetheless attempts to raise arguments before this Court challenging part of the intermediate court's holding, and (3) the appellant responds by claiming those arguments are waived.  That is not this case.  The majority makes some very convincing points about the distinctions between appeals as of right and appeals by allowance, but we should wait for the proper case to consider those points.[4]

---

[4] Frankly, my hesitation here springs largely from concerns about suggesting an appellee in a discretionary appeal would suffer "pain of waiver" if they failed to file a cross-petition challenging any portion of the intermediate court's opinion they did not agree with.  This Court has the authority to affirm the lower courts for any reason supported by the record, even if contrary to the reasoning offered below.  And certainly, appellees raise such right-for-any-reason arguments regularly (even if they do not file cross-petitions for allowance of appeal), and briefing on those issues is often very helpful.  I further note that while the majority's distinction of discretionary appeals as not requiring aggrievement is apt, *Lebanon Valley* somewhat undermines this distinction by first suggesting the Commonwealth was not aggrieved, but then stating "[w]hile the Commonwealth certainly **could have filed a cross-appeal** raising a challenge to the Commonwealth Court's constitutionality determination, this Court refuses to require such a filing where the court's holding granted the relief sought, although based on an alternate reasoning." *Lebanon Valley*, 83 A.3d at 112 (emphasis added).  It appears the Court took into account that a non-aggrieved prevailing party could choose to file a "protective" cross-appeal regardless of Rule 501's aggrievement requirement — just as a non-aggrieved, prevailing party can choose to file a cross-petition for allowance of appeal.  For these reasons, I would want to hear full advocacy before imposing such a harsh rule.